## OCTOBER TERM, 1755.

### PURNELL vs. REYNOLDS.

APPEAL from Worcester county court. It was an action of *trespass*, brought in the county court by the present appellee against the appellant, for breaking and entering the close of the said *Reynolds*, called *Winckfield.* The general issue was pleaded; and the jury by their *special verdict* found, that one *Christopher Reynolds*, the plaintiff's grandfather, was seised of the land in the declaration mentioned, in fee; and so being seised, afterwards, on the 26th of June 1694, by his last will and testament in writing, duly proved, amongst other things therein contained devised the said land unto his son *Thomas Reynolds*, father of the plaintiff, in fee tail. That *Thomas Reynolds*, the devisee in the said will, after the death of the said *Christopher*, entered into the said land, and was thereof seised; and so being seised, afterwards on the 6th of August 1712, by his deed, for the consideration of 3005 pounds of tobacco, conveyed 100 acres, part thereof, to *William German*, in fee. That afterwards the said *William German* having entered, on the 17th of August 1715, by his deed conveyed the said 100 acres to *William Bowen*, in fee. That afterwards *Luke Bowen*, pursuant to the said deed, entered on the premises, and was thereof possessed; and being so possessed, by his deed dated the 20th of August 1732, (reciting, "that *William Bowen* by his last will and testa- "ment, dated the 4th of March 1727, did give and be- "queath unto his son, *Luke Bowen*, that part of *Winck- "field*, before mentioned, to him and his heirs and as- "signs for ever,") conveyed the same to *John Purnell*, father in law of the defendant, in fee, who entered and was thereof possessed, and still is possessed thereof. That the defendant, and those under whom he claims, have been peaceably possessed of the premises for the space of *forty-two* years before the test of the original writ in this cause. The jury find an act of parliament made, entitled, "*An act for limitation of actions, and for avoiding suits in law.*" [21 *James I. ch. 16.*] That *Thomas Reynolds* the devisee, and father of the plaintiff, died before the bringing of this suit, and left issue the aforesaid *William Reynolds*, the present plaintiff, his eldest son and heir. That the said *William Reynolds*, at the time of the death of his father *Thomas Reynolds*, was an infant under the age of twenty-one years; and that within ten years after his coming to the age of twenty-one years, he brought this suit. That within one year before the issuing of the original writ in this

Oct. 1755.

Purnell
vs.
Reynolds.

cause, the defendant cut ten oak trees on the premises
now in question, being some of the trees in the declara-
tion aforesaid mentioned.

And upon the whole matter above found, the jurors
pray advice of the court, &c.

THE COUNTY COURT gave judgment upon the *special
verdict* for the *plaintiff*, from which judgment the pre-
sent appeal was prosecuted.

THE PROVINCIAL COURT *reversed* the judgment of the
County Court.

*Dulany*, for the Appellant.

*J. Tilghman*, for the Appellee.